[No. 5827.]

# WILLIAM ELLIOTT *v.* MARIA A. PECK.

ESTATES OF DECEDENTS—DEFECTIVE FINDINGS.—In an action to recover a disallowed claim against an estate, which was not presented within ten months after the notice to creditors, the findings must show when the claim became due.

APPEAL from the District Court of the Twentieth Judicial District, Santa Cruz County.

This was an action for money had and received. William Elliott, the plaintiff, and Henry W. Peck, deceased husband of the defendant, were, during the lifetime of Peck, in 1872, intimate friends, and each owned a like interest in the Santa Cruz and San Lorenzo Mines. Elliott, being in bad health, and to facilitate a sale of the property, which both desired to effect, gave Peck a deed, absolute in form, of all his interest in the mines. There was no consideration. September 14th, 1873, Peck died intestate. The property had not been sold, and he still retained the trust deed from Peck. The defendant was appointed administratrix of the estate, and gave the usual notice to creditors, October 30th, 1874. The mining interest had been inventoried as part of the estate. In June following, in accordance with an order of the Probate Court, she sold the mining interests for six thousand five hundred and seventy-five dollars. On the 17th of September, 1875, the plaintiff presented his claim, in the usual form, against the estate, for his half of the proceeds. The claim was disallowed, and on August 26th, 1875, the estate was finally distributed. Subsequently, upon the application of the plaintiff, November 8th, 1875, the decree of distribution was vacated. This action was commenced December 14th, 1875. Judgment was rendered for the plaintiff, but the Court granted a new trial. The plaintiff appealed from the order granting a new trial.

*C. B. Younger* and *F. Adams*, for Appellant.

*J. H. Logan,* for Respondent.

It appears from the findings that the notice to creditors was given October 30th, 1874, and that Elliott presented his claim September 17th, 1875. Upon no hypothesis can this be in time. (Code of Civil Procedure, sec. 1493.) The plaintiff has treated his demand as a claim against the estate, and it is a demand that should be presented and allowed. (*Gray* v. *Palmer,* 9 Cal. 636; Code of Civil Procedure, sec. 1497.)

By the COURT:

There is no finding from which it can be seen at what precise time the claim of Elliott became due. This was necessary in order to determine whether the presentation of the claim—made on the 17th of September, 1875—was within the time required by the statute. (Code of Civil Procedure, sec. 1493.)

Order affirmed. Remittitur forthwith.